UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Thomas Corrow,** | No. 2:22-cv-02005-NRM-LGD |
| Plaintiff, | **Opinion and Order** |
| v. | |
| **C/O Romano, C/O Santorelli, C/O Corporal MaGreene** and **Medical Department,** | |
| Defendants. | |

**NINA R. MORRISON**, United States District Judge:

On April 4, 2022, Plaintiff filed the instant lawsuit, in which he asserts that Defendant Correction Officers physically assaulted him and destroyed his property, and Defendant Medical Department failed to provide Plaintiff with adequate medical to treat his injuries. *See* Compl. 3-8 (Dkt. No. 1). However, Plaintiff has not appeared for a status conference or responded to any orders or inquiries from the Court about this litigation since his last court appearance in November 2022, nearly one year ago.

Now before the Court is Defendants' motion to dismiss for lack of prosecution. ECF No. 36. For the reasons stated below, Defendants' motion is granted.

All litigants, including those who proceed *pro se*, have an obligation to comply with court orders and to diligently advance their case. *See Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (citing *Minotti v. Lensink*, 895 F.2d 100, 102 (2d Cir. 1990)). When a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," the Court may dismiss an action. Fed. R. Civ. P. 41(b). "[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*,

239 F.3d 206, 209 (2d Cir. 2001) (citations omitted). The power of a district court to dismiss an action for failure to prosecute is "an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs" and dispose of cases in an orderly manner. *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (internal quotation marks omitted).

A court considering dismissal for failure to prosecute must consider five factors. Id. at 575 (citing *United States ex. rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). These factors include: Whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions. *Id.* (quoting *Drake*, 375 F.3d 254). A delay in prosecution may prejudice defendants because witnesses' memories fade with the passage of time. *O'Rourke v. Nirvana*, 19-CV-4711, 2020 WL 1198326, at *2 (S.D.N.Y. Mar. 12, 2020), report and recommendation adopted by 2020 WL 2133174 (S.D.N.Y. May 5, 2020). District Courts must also diligently manage their dockets and "cannot indefinitely wait" for a plaintiff to resume prosecuting a case. *Id.* That is particularly so after a court has already advised a plaintiff that the action may be dismissed if he or she continues to fail to appear. *See Ruzsa v. Rubenstein & Sendy Attys. at Law*, 520 F.3d 176, 177 (2d Cir. 2008).

Here, Plaintiff participated in a status conference held before Magistrate Judge Dunst on November 2, 2022, but has not responded to Defendants' correspondence or the Court's orders since then. Plaintiff provided contact information to the Court during the November 2, 2022 conference, but Plaintiff's email address no longer works and mail sent to Plaintiff's physical address has been returned to the Court as undeliverable. *See* ECF No. 36-2 at 2; ECF No. 39. To date, Plaintiff has not responded to Defendants' motion to dismiss for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b), which was filed on March 6, 2023. *See* ECF No. 36.

The Court recognizes that Plaintiff was incarcerated when he initiated this lawsuit and that a person reentering the community after a period of incarceration may experience significant instability upon reentry. However, Plaintiff was released from custody nearly one year ago, and continued to participate in these proceedings for several months after his release. Even if Plaintiff's circumstances have changed, the Court has no current, valid contact information for Plaintiff. Thus, because neither Defendants nor the Court have been able to reach Plaintiff since December 2022, "no remedy other than dismissal" is appropriate. *Dong v. United States*, No. 02-CV-7751, 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004).

Accordingly, Plaintiff's complaint, filed in forma pauperis, is dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment and mail a copy of this Order to Plaintiff's last known address.

SO ORDERED.

    /s/ NRM
NINA R. MORRISON
United States District Judge

Dated: August 29, 2023
       Brooklyn, New York